IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. H-04-0150-04 |
| | § | |
| HENRY GUTIERREZ-ANDRADE | § | (Civil Action No. H-07-4500) |
| | § | |

## MEMORANDUM AND ORDER

Pending before the Court is a motion filed by the defendant, Henry Gutierrez-Andrade, to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. (Doc. # 432). The defendant has also filed a memorandum in support of his motion. (Doc. # 433). The Government has answered with a motion to dismiss, arguing that Gutierrez-Andrade is not entitled to relief under § 2255. (Doc. # 460). Gutierrez-Andrade has not filed a reply and his time to do so has expired. The Court has carefully reviewed all pertinent matters in this criminal case. Based upon this review, the Court's clear recollection of the relevant proceedings, and application of governing legal authorities, the Court **denies** the defendant's motion and **dismisses** the corresponding civil action (No. H-07-4500) for reasons set forth below.

## I.      BACKGROUND AND PROCEDURAL HISTORY

On April 15, 2004, a federal grand jury in this district returned a four-count indictment against Gutierrez-Andrade and six others, charging them with conspiracy and assorted offenses stemming from an alien smuggling venture in which several foreign nationals were

held against their will for ransom.  That indictment charged the defendants with conspiracy to conceal, harbor, shield, and transport illegal aliens within the United States for commercial advantage and private financial gain in violation of 8 U.S.C. §§ 1324(a)(1)(A)–(B) (counts one, two, and three).  The indictment further charged the defendants with conspiracy to commit hostage taking by seizing, detaining, and threatening the illegal aliens in order to compel others to pay a sum of money — *i.e.*, a ransom — as an explicit and implicit condition for their release in violation of 18 U.S.C. § 1203(a) and 18 U.S.C. § 2 (count four).  On September 2, 2004, the grand jury returned a superseding indictment against Gutierrez-Andrade and his co-defendants, adding charges of aiding and abetting a hostage taking for ransom in violation of 18 U.S.C. § 1203(a) and 18 U.S.C. § 2 (count five).

On October 25, 2004, a jury found Gutierrez-Andrade and his co-defendants guilty as charged on all five counts alleged in the superseding indictment.  The jury subsequently returned a supplemental verdict as to counts one, two, and three, finding beyond a reasonable doubt that the offense involved between six and twenty-four aliens and that a firearm was brandished or otherwise used and possessed during the offense.  As to counts four and five, the jury found beyond a reasonable doubt that offense involved a demand for ransom and the use of a dangerous weapon in connection with the crime of hostage taking.[1]

---

[1]     *See* Supplemental Verdict Form.  (Doc. # 177).  The Court requested supplemental findings by the jury in an abundance of caution in light of the Supreme Court's decisions in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Blakely v. Washington*, 542 U.S. 296 (2004).  Only shortly before Peralta-Ramirez's sentencing in this case, the Supreme Court decided *United States v. Booker*, 543 U.S. 220 (2005), which held that the United States Sentencing Guidelines were advisory and that the Court, rather than a jury, was to decide sentencing
(continued...)

After the jury returned its verdict, the Court instructed the Probation Department to prepare a presentence report ("PSR") for the purpose of determining punishment under the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines"). Because Gutierrez-Andrade was convicted of multiple counts of related offenses arising under different statutes, his sentence was determined using the grouping provisions found in § 3D1.2 of the Guidelines. Under § 3D1.2, the offense level for the most serious of the counts among the group, *i.e.*, the count resulting in the highest offense level, determines the relevant Guideline base offense level.

The most serious count of conviction in Gutierrez-Andrade's case was count four, in which he was convicted of conspiracy to commit hostage taking in violation of 18 U.S.C. § 1203(a). Using the relevant Guidelines provision for hostage-taking offenses, § 2A4.1, the Probation Department determined that Gutierrez-Andrade's base offense level was 32. Because the jury found beyond a reasonable doubt that a demand for ransom was made during the commission of the offense, the Probation Department recommended a 6-level increase, pursuant to § 2A4.1(b)(1) of the Guidelines. In addition, the Probation Department recommended an additional 2-level increase under § 2A4.1(b)(3) because the jury also found that a dangerous weapon was used in connection with the offense. Because Gutierrez-Andrade had no criminal history points, his base offense level was calculated at 40, which

---

[1]      (...continued)
      issues after a trial.

called for a range of imprisonment from 292 to 365 months.[2]  After considering all of the parties' arguments, the Court sentenced Gutierrez-Andrade at the lowest end of the applicable Guidelines range to serve a total of 292 months in prison.

On direct appeal, Gutierrez-Andrade challenged the sufficiency of the evidence in support of his conviction and this Court's decision to deny his pre-trial motion to suppress evidence.  The Fifth Circuit rejected all of his arguments and affirmed the conviction in a joint appeal.  *See United States v. Ibarra-Zelaya*, 465 F.3d 596 (5th Cir. 2006).  Gutierrez-Andrade did not appeal further by filing a petition for a writ of certiorari with the United States Supreme Court.

Gutierrez-Andrade now seeks relief from his conviction and sentence under 28 U.S.C. § 2255 on the grounds that he was denied effective assistance of counsel in connection with his trial and sentencing.  Gutierrez-Andrade also claims that his sentence is unconstitutional because there was insufficient evidence to show that he handled, brandished, or otherwise carried a weapon or demanded any ransom money.  The government has filed a motion to dismiss, arguing that Gutierrez-Andrade is not entitled to relief.  The parties' contentions are discussed below under the governing standard of review.

## II.   <u>STANDARD OF REVIEW</u>

To obtain collateral relief pursuant to 28 U.S.C. § 2255, a defendant "must clear a significantly higher hurdle" than the standard that would exist on direct appeal. *United States*

---

[2]      *See* Final Presentence Investigation Report (Doc. # 237).

*v. Frady*, 456 U.S. 152, 166 (1982). "Following a conviction and exhaustion or waiver of the right to direct appeal, [courts] presume a defendant stands fairly and finally convicted." *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998). "As a result, review of convictions under [§] 2255 ordinarily is limited to questions of constitutional or jurisdictional magnitude, which may not be raised for the first time on collateral review without a showing of cause and prejudice." *Frady*, 456 U.S. at 166. To establish "cause," a defendant must show that some external impediment prevented him from raising his claim on direct appeal. *See United States v. Shaid*, 937 F.2d 228, 233 (5th Cir. 1991) (quoting *Frady*, 456 U.S. at 170). In order to establish "prejudice," the defendant must demonstrate "an actual and substantial disadvantage," such that the integrity of the entire underlying proceeding was infected with "error of constitutional dimension." *Id.*

"Other types of error may not be raised in a collateral attack, unless the defendant demonstrates that 'the error could not have been raised on direct appeal, and if condoned, would result in a complete miscarriage of justice.'" *United States v. Pierce*, 959 F.2d 1297, 1301 (5th Cir. 1992) (quoting *Shaid*, 937 F.2d at 232 n.7). "If the defendant does not meet this burden . . . , he is procedurally barred from attacking his conviction." *United States v. Drobny*, 955 F.2d 990, 995 (5th Cir. 1992). Importantly, however, this procedural bar does not apply to claims that could not have been raised on direct appeal, such as those for ineffective assistance of counsel, "since no opportunity existed [before the district court] to develop the record on the merits of the allegations." *United States v. Higdon*, 832 F.2d 312, 313–14 (5th Cir. 1987); *see also Massaro v. United States*, 538 U.S. 500 (2003).

Gutierrez-Andrade proceeds *pro se* in this matter. "'[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, — U.S. —, 127 S. Ct. 2197, 2200 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *Haines v. Kerner*, 404 U.S. 519, 521 (1972); *Bledsue v. Johnson*, 188 F.3d 250, 255 (5th Cir. 1999). Thus, *pro se* pleadings are entitled to a liberal construction that includes all reasonable inferences which can be drawn from them. *See Haines*, 404 U.S. at 521; *see also United States v. Pena*, 122 F.3d 3, 4 (5th Cir. 1997). However, *pro se* litigants are still required to provide sufficient facts in support of their claims. *United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993). Even under the rule of liberal construction, "mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue." *Id.* (citing *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989)); *see also Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983) ("Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition . . . to be of probative evidentiary value.").

## III.   DISCUSSION

### A.    Ineffective Assistance of Counsel

Gutierrez-Andrade argues that he is entitled to relief from his conviction because he was denied effective assistance of counsel at his trial and sentencing proceeding. Claims for ineffective assistance of counsel are analyzed under the well-settled standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). To prevail under the *Strickland* standard, a defendant must demonstrate both constitutionally deficient performance by counsel and

actual prejudice as a result of the alleged deficience.  *See Williams v. Taylor*, 529 U.S. 390, 390–91 (2000); *Ogan v. Cockrell*, 297 F.3d 349, 360 (5th Cir. 2002).  "Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that rendered the result unreliable."  *Strickland*, 466 U.S. at 687.

Counsel's performance must fall below an objective standard of reasonableness to be constitutionally deficient.  *United States v. Molina-Uribe*, 429 F.3d 514, 518 (5th Cir. 2005) (citing *Strickland*, 466 U.S. at 687–688).  Judicial scrutiny of counsel's performance must be "highly deferential," and a reviewing court must make every effort "to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time."  There is a "strong presumption" that "trial counsel rendered adequate assistance and that the challenged conduct was the product of a reasoned trial strategy."  *West v. Johnson*, 92 F.3d 1385, 1400 (5th Cir. 1996) (citing *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1993)).

Even if defense counsel committed substantial error, a defendant must still demonstrate actual prejudice as a result of his counsel's deficient performance.  Performance is prejudicial only if "there is reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *United States v. Harris*, 408 F.3d 186, 189 (5th Cir. 2005).  A "reasonable probability" is a probability sufficient to undermine confidence in the reliability of the verdict.  *See Leal v. Dretke*, 428 F.3d 543, 548 (5th Cir. 2005) (citing *Little v. Johnson*, 162 F.3d 855, 860–61 (5th Cir. 1998)).  Gutierrez-Andrade's allegations of ineffectiveness are discussed briefly below.

### 1.      Failure to File a Motion to Suppress

In this case, Gutierrez-Andrade was represented by local criminal defense attorney Gerardo Montalvo.  Gutierrez-Andrade claims that Montalvo was deficient for failing to file a motion to suppress evidence.  As a result of his counsel's failure to file a motion to suppress, Gutierrez-Andrade complains that this Court erroneously admitted evidence of smuggled aliens and firearms that were recovered by law enforcement from the apartment belonging to lead defendant Edy Guardado-Mezen.

The record refutes Gutierrez-Andrade's claim that his counsel failed to file a motion to suppress evidence.  Gutierrez-Andrade's counsel filed a motion to adopt the motions filed by the other defendants in this case (Doc. # 83), including the motion to suppress filed by Guardado-Mezen (Doc. # 80), and this Court granted Gutierrez-Andrade's motion (Doc. # 94).  More importantly, the Fifth Circuit reviewed the evidentiary issue referenced by Gutierrez-Andrade and upheld this Court's decision to deny the motion to suppress that was filed in this case.  *See United States v. Ibarra-Zelaya*, 465 F.3d 596, 604-06 (5th Cir. 2006). Gutierrez-Andrade does not show that this decision was erroneous and he does not otherwise demonstrate that his counsel had, but failed to raise, an argument that would have changed the result.  Absent a showing that counsel failed to raise a meritorious objection and that the outcome would have been different, a defendant fails to demonstrate deficient performance or actual prejudice.  *See Parr v. Quarterman*, 472 F.3d 245, 256 (5th Cir. 2006) (holding that counsel was not deficient in failing to present a meritless argument) (citation omitted). Accordingly, Gutierrez-Andrade fails to establish that he was denied effective assistance of

8

counsel or that he is entitled to relief under 28 U.S.C. § 2255 on this issue.

### 2.      Failure to Investigate or Prepare for Trial

In addition, Gutierrez-Andrade appears to claim further that Montalvo failed to conduct an adequate investigation or to prepare for trial.  In response to this allegation, Montalvo explains that he spent a "significant amount of time" in preparation for trial and that he thoroughly investigated the case.  (Doc. # 460, Affidavit).  Montalvo reports that he interviewed all of the witnesses, participated in depositions that lasted over three days, and reviewed all of the government's evidence in preparation for the eight-day trial in this case. (*Id.*).

A defendant who alleges a failure to investigate or prepare on the part of his counsel must state with specificity what the investigation would have revealed and how it would have benefitted his defense.  *See United States v. Glinsey*, 209 F.3d 386, 393 (5th Cir.) (citing *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989)).  Gutierrez-Andrade, who provides no facts in support of this claim, fails to indicate what else his counsel could have done to prepare or to show how additional investigation would have changed the result.  His unsupported allegations of ineffective assistance are insufficient to establish deficient performance or actual prejudice. *See United States v. Demik*, 489 F.3d 644, 646 (5th Cir.) (stating that "conclusional allegations" and general claims are insufficient to establish ineffective assistance or to require an evidentiary hearing on that issue), *cert. denied*, — U.S. —, 128 S. Ct. 456 (2007); *see also United States v. Holmes*, 406 F.3d 337, 361 (5th Cir. 2005) ("Mere conclusory allegations in support of a claim of ineffective assistance of counsel

are insufficient to raise a constitutional issue.") (quoting *Green v. Johnson*, 160 F.3d 1029, 1042 (5th Cir. 1998)).   Accordingly, Gutierrez-Andrade fails to demonstrate that he is entitled to relief under 28 U.S.C. § 2255 on this issue.

### B.    Challenge to the Sentence

Gutierrez-Andrade also claims that the sentence of 292 months in prison, meted out in counts four and five, is unconstitutional because there was insufficient evidence to show that he handled, brandished, or otherwise carried a weapon or demanded any ransom money. Gutierrez-Andrade did not raise this issue on direct appeal.   Under the doctrine of procedural default, a § 2255 movant who fails to raise a constitutional or jurisdictional issue on direct appeal waives the issue for purposes of collateral review.  *See United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001) (citing *United States v. Kallestad*, 236 F.3d 225, 227 (5th Cir. 2000)).   When a defendant has procedurally defaulted a challenge by failing to raise error properly on direct appeal, the claim may be raised in a § 2255 motion only if the defendant can first demonstrate (1) cause and prejudice, or (2) that he is "actually innocent" of the crime for which he was convicted.  *See Bousley v. United States*, 523 U.S. 614, 622 (1998).

Gutierrez-Andrade does not show that he is actually innocent and the record refutes any such claim.  Gutierrez-Andrade, who has not filed a response to the government's motion to dismiss, makes no effort to demonstrate cause for his default.   More importantly, Gutierrez-Andrade does not establish that he will suffer actual prejudice from his default because his claim is without merit.   In that respect, the Fifth Circuit rejected a similar challenge to the reasonableness of the 292-month sentence imposed in counts four and five

where his co-defendants were concerned.  *See United States v. Ibarra-Zelaya*, 465 F.3d 596, 608 (5th Cir. 2006).  As the Fifth Circuit noted, this Court recognized the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), and expressly considered the relevant factors found at 18 U.S.C. § 3553 when imposing the sentence in this case.  In light of the evidence and the jury's findings, which were made beyond a reasonable doubt and adopted by this Court, Gutierrez-Andrade fails to show that the sentence he received was unreasonable or that it was imposed in violation of the constitution.[3]  Accordingly, Gutierrez-Andrade fails to demonstrate that he is entitled to relief under 28 U.S. § 2255 on this issue.

## IV.   REQUEST FOR EVIDENTIARY HEARING

Gutierrez-Andrade has requested an evidentiary hearing on his § 2255 motion.  A motion brought under 28 U.S.C. § 2255 may be denied without a hearing if the motion, the files, and the records of the case conclusively show that the petitioner is entitled to no relief.  *See United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992) (per curiam) (citing *United States v. Auten*, 632 F.2d 478 (5th Cir. 1980)).  In this case, the record is adequate to dispose fairly of the allegations made by Gutierrez-Andrade.  A district court need inquire

---

[3]     The jury found beyond a reasonable doubt that firearms were brandished and that ransom was demanded in connection with the hostage-taking offenses outlined in counts four and five of the indictment.  (Doc. # 177, Supplemental Verdict Form).  As the Fifth Circuit noted, the evidence showed that Gutierrez-Andrade was armed during the commission of the offense, that he threatened the aliens while armed, and that he told at least one alien to call his family to get more money for his transport.  *United States v. Ibarra-Zelaya*, 465 F.3d 596, 600-03 (5th Cir. 2006).  This evidence was sufficient to support the conviction for hostage taking.  *See id.* at 603.  It is also sufficient to support the sentence imposed in counts four and five.  *See id.* at 608 (finding "no error" on the district court's part in sentencing the defendants on counts four and five, and concluding that those sentences were reasonable).

11

no further on collateral review.  Therefore, Gutierrez-Andrade's request for an evidentiary hearing is denied.

## V.   CERTIFICATE OF APPEALABILITY

The pending motion under 28 U.S.C. § 2255 motion is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, codified as amended at 28 U.S.C. § 2253.  Thus, a certificate of appealability ("COA") is required before an appeal may proceed.  *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir.1997) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability).  "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (internal quotation omitted).  Where denial of relief is based on

12

procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument.  *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). After carefully considering the entire record of the criminal proceeding, the Court concludes that jurists of reason would not debate whether the movant has stated a valid claim or whether any procedural ruling in this case was correct.  Accordingly, a certificate of appealability will not issue.

## VI.    **CONCLUSION**

Because the defendant has failed to establish an error of constitutional or jurisdictional magnitude, he is not entitled to relief under 28 U.S.C. § 2255.  Accordingly, the Court **ORDERS** as follows:

1.    The government's motion to dismiss (Doc. # 460) is **GRANTED**.

2.    The defendant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (Doc. # 432) is **DENIED** and the corresponding civil action (H-07-4500) is **DISMISSED** with prejudice.

3.    A certificate of appealability is **DENIED**.

The Clerk's Office will provide a copy of this order to the parties and will file a copy of this order in the corresponding civil case (Civil Action No. H-07-4500).

13

SIGNED at Houston, Texas, on <u>October 16</u>, 2008.

_____
Nancy F. Atlas
United States District Judge